IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LUVERN MORRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | )     Case No. 2:16-cv-418-TMP |
| THE KENT CORP, | ) ) ) |
| Defendant. | ) |

ORDER APPROVING SETTLEMENT

The parties filed a joint motion for approval of a settlement of the plaintiff's claim for unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. (Doc. 14). The court finds that the proposed settlement is fair and reasonable, representing a compromise resolution of disputed claims. The parties have consented to the exercise of full jurisdiction by the undersigned magistrate pursuant to 28 U.S.C. § 636(c).

Pursuant to *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982), a claim for overtime under the FLSA can be settled only in two ways: one involving payment of the claimed overtime under the supervision of the Secretary of Labor or, the second, pursuant to "a stipulated judgment entered by a court which has determined that a settlement proposed by an employer and employees ... is a fair and reasonable

resolution of a bona fide dispute over FLSA provisions." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009), quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1352 (11th Cir.1982).

By joint motion the parties have described to the court the terms of their proposed settlement, attaching to the joint motion a copy of a proposed release between them. Both parties are represented by experienced counsel. While plaintiff claims to have worked certain described overtime hours without being paid time-and-a-half, the defendant denies that plaintiff has not been paid and, indeed, points out that plaintiff never complained about any error in his pay at the time he received it. Plaintiff's best estimate of the overtime he is due is $1,342.00, plus a like amount in liquidated damages, for a total of $2,684.00. Defendant's estimate of the best possible outcome for the plaintiff is $1,526.00. The parties have negotiated a compromise settlement calling for the defendant to pay $2,350 to plaintiff's attorney, $1,000.00 to plaintiff for unpaid overtime (subject to proper tax and payroll withholdings), and an additional $1,000.00 to plaintiff as liquidated damages. The actual recovery by the plaintiff of $2,000.00 represents a fair and reasonable compromise between the estimates of the plaintiff and the defendant. The attorney's fees paid to plaintiff's counsel do not diminish plaintiff's recovery of unpaid overtime. The proposed settlement works a complete and final resolution of the Fair Labor Standards Act controversy between the parties.

Because the proposed settlement represents a fair and reasonable compromise of disputed claims, negotiated at arm's length between represented parties, the joint motion for approval of the settlement is hereby GRANTED and the proposed settlement is APPROVED.  The parties are DIRECTED to proceed with executing the release attached to the joint motion, and to otherwise complete the settlement in all respects.  The above-entitled action is hereby DISMISSED WITHOUT PREJUDICE to the right of either party to move for reinstatement of the case to the active docket within thirty (30) days after the date of this Order.  In the event no party so moves for reinstatement within that time, the dismissal shall become WITH PREJUDICE upon the expiration of thirty (30) days from this date.  Costs are taxed as paid.

DONE this 24th day of June, 2016.

_____
T. MICHAEL PUTNAM
UNITED STATES MAGISTRATE JUDGE